1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7   TRENDSETTAH USA, INC., et al.,          Case No.  15-mc-80315-JSC

8              Plaintiffs,

9         v.                                **ORDER RE: MOTION FOR ORDER TO
                                             SHOW CAUSE AND  MOTION TO
10  SWISHER INTERNATIONAL, INC.,             TRANSFER OR DISMISS**

               Defendant.                    Re: Dkt. Nos. 2, 6
11

12

13          This miscellaneous action pertains to an antitrust dispute now pending in the Central

14  District of California.  Plaintiffs Trendsettah USA, Inc. and Trend Settah, Inc. (together,

15  "Plaintiff") alleges that Defendant Swisher International, Inc. ("Defendant") engaged in certain

16  anticompetitive conduct, including disparaging Plaintiff's competing band of cigarillos, a type of

17  small cigar.  Defendant filed this miscellaneous action to enforce three subpoenas issued to third

18  parties who have knowledge of Defendant's alleged anticompetitive conduct.  (Dkt. No. 2.)

19  Specifically, Defendant seeks an order to show cause why third parties SM Brothers, Inc.,

20  Sandeep Mehat, Polk & Green Market, and Allmey Enterprises Inc. d/b/a Toby's Vapes & More

21  (collectively, the "Third Parties") should not be held in civil contempt for failing to comply with

22  the subpoenas and an order compelling their compliance.  (*Id.*)

23          The Third Parties neither responded to the subpoenas nor to Defendant's motion.  Instead,

24  now pending before the Court is Plaintiff's motion to transfer this enforcement action to the

25  Central District of California or, in the alternative, to dismiss the action altogether.  (Dkt. No. 6.)

26  Two of the subpoenas were issued to Third Parties located in Chowchilla, California, which is in

27  the Eastern District of California, while one was served here in San Francisco.  (Dkt. No. 3 ¶ 10 &

28  Ex. D; *id.* ¶ 13 & Ex. G.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Federal Rule of Civil Procedure 45 states that "[a]t any time, on notice to the commanded

2   person, the serving party may move the court for the district where compliance is required for an

3   order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).  Further, the "court

4   where compliance is required . . . may hold in contempt a person who, having been served, fails

5   without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

6   Thus, Defendant's motion as to the two Third Parties located in the Eastern District of California

7   was brought in the wrong court; the Northern District, as neither the issuing court nor the court

8   where compliance is required, has no authority to order compliance or find these parties in

9   contempt.

10  Recognizing this error, Defendant asks the Court to transfer its motion to the Central

11  District of California pursuant to Rule 45(f).  That Rule provides that "[w]hen the court where

12  compliance is required did not issue the subpoena, it may transfer a motion under this rule to the

13  issuing court if the person subject to the subpoena consents or if the court finds exceptional

14  circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) 2013 Advisory Committee

15  Notes ("If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the

16  court where compliance is required may do so.").  Plaintiff represents that the subpoenaed Third

17  Parties all consent to transfer of this miscellaneous action to the courtroom of the Honorable

18  James Selna in the Southern Division of the Central District of California, where the underlying

19  case is pending.  (Dkt. No. 6 at 5.)  Plaintiff's counsel avers that he spoke with the Third Parties

20  and explained the posture of the case, and that the Third Parties "advised [him] that they consent

21  to having this issue transferred to the trial court in the Central District." (Dkt. No. 6-1 ¶ 5.)  And

22  indeed, Defendant agrees that transfer to the Central District is appropriate provided that the Third

23  Parties consent to the transfer in writing.  (Dkt. No. 8 at 2.)

24  But this Court has no authority to transfer Defendant's motion as to the Third Parties

25  located in the Eastern District of California.  By its express terms, Rule 45(f) allows for transfer by

26  "the court where compliance is required." The Northern District of California is not such a court

27  for the Eastern District Third Parties. "[W]hen subpoena-related motions are filed in the wrong

28  court, Rule 45(f) does not provide a means for transferring those motions to the court that issued

2

the subpoenas." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL

4079555 *4 (D. Nev. Aug. 15, 2014).

Defendant's citation to *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990), is

unavailing as *Miller* (and 28 U.S.C. § 1631) do not address the very specific language of Rule 45.

Even if section 1631 applied, the Court does not find that it would be "in the interests of justice"

to transfer Defendant's motion to the Central District of California or the Eastern District of

California.  Rule 45 is designed to encourage parties to enforce subpoenas in districts that reduce

the inconvenience to third parties as much as possible.  *See* Fed. R. Civ. P. 45(f) 2013 Advisory

Committee Notes ("To protect local nonparties, local resolution of disputes about subpoenas is

assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions

be made in the court in which compliance is required under Rule 45(c).").  To simply transfer

Defendant's improperly filed motion would encourage parties to not take care to file motions in

the proper courts, thus necessitating the third party to defend in a distant court, which is

inconsistent with the Rules' long-held emphasis on minimizing the discovery burden on third

parties.  *See U.S. v. McGraw-Hill Cos.*, 302 F.R.D. 532, 534-35 (C.D. Cal. 2014) (collecting cases

and discussing courts' duty to shift third parties' cost of compliance with subpoenas to ensure the

third parties' burden in responding is not significant); *see also High Tech Med. Instrumentation,*

*Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("Both the language of [the

Federal Rules] and that of the Ninth Circuit . . . make clear that sanctions are appropriate if the

subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third

party.") (citing former Rule 45(c)(1), now Rule 45(d)(1)).  Further, a transfer in these

circumstances would vitiate Rule 45's requirement of third party consent.  The Eastern District

Third Parties allegedly consent to transfer to the Central District only as an alternative to

dismissal.  Accordingly, Defendant's motion for an order to show cause and for an order of

compliance as to the Third Parties located in the Eastern District of California is DENIED.

The subpoena served on Polk & Green Market is enforceable here—the court where

compliance is required—and thus may be transferred pursuant to Rule 45(f).  But Plaintiff's

counsel's representation is not enough to establish Polk & Green's consent to transfer unless

counsel is Polk & Green's attorney.  Accordingly, by **January 19, 2016**, Plaintiff's counsel shall file a supplemental declaration stating that he is acting as the attorney for Polk & Green and in that capacity avers that Polk & Green consents to transfer.  In the alternative, Polk & Green must itself consent in writing to transfer pursuant to Rule 45(f).  If no such consent is filed, the motion for compliance and contempt will be heard as to Polk & Green on January 21, 2016 **at 11:00 a.m. (please note the changed time).**

**IT IS SO ORDERED.**

Dated: January 14, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge