UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TRENDSETTAH USA, INC., et al., | Case No. 15-mc-80315-JSC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| SWISHER INTERNATIONAL, INC., | Re: Dkt. No. 14 |
| Defendant. | |

Now pending before the Court is Defendant's motion for leave to file a motion for reconsideration of the Court's January 14, 2016 Order (Dkt. No. 12) denying Defendant's motion for an order to show cause and for an order of compliance as to the Third Parties located in the Eastern District of California.  (Dkt. No. 14.)  Because Defendant has not shown that the motion is based on a manifest failure by the Court to consider material facts or dispositive legal arguments, the Court DENIES Defendant leave to file a motion for reconsideration.

Defendant's original motion sought to enforce subpoenas issued to three third parties who have knowledge of Defendant's alleged anticompetitive conduct.  The Court denied the motion as to the two third parties located in the Eastern District of California, noting that this Court has no authority to order compliance or find those parties in contempt pursuant to Federal Rule of Civil Procedure 45(g).  The Court concluded that, as to these two Eastern District third parties, it also has no authority to transfer Defendant's motion pursuant to Rule 45(f).  The Court further declined to transfer this miscellaneous action to either the Central or Eastern Districts of California under 28 U.S.C. § 1631 either, as it would not be "in the interests of justice" and instead would "encourage parties to not take care to file motions in the proper courts, thus necessitating the third party to defend in a distant court, which is inconsistent with the Rules' long-held emphasis on

United States District Court
Northern District of California

minimizing the discovery burden on third parties." (Dkt. No. 12 at 3.)

Defendant now seeks reconsideration of this decision because it contends that the Court did not analyze transfer under 28 U.S.C. § 1631 and thus failed to assess the burden on the third parties associated with the transfer and the prejudice to Defendant in not permitting transfer. Not so: as described above, the Court addressed transfer under both Rule 45(f) and Section 1631. Defendant has not proffered any other basis for reconsideration. Accordingly, the Court finds that reconsideration is not warranted under Local Rule 7-9. Based on the foregoing, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge